## J. J. PARSONS v. THE STATE.

No. 4626.  Decided October 17, 1917.

**1.—Assault With Intent to Murder—Insanity—Charge of Court—Practice on Appeal.**

Under the present statute it is usually necessary to reserve an exception to supposed errors in the court's charge, whether they be of commission or omission, and in the absence of such exception, the court's failure to charge upon the issue of insanity is not reversible error.

**2.—Same—Sufficiency of the Evidence.**

Upon trial of assault with intent to murder, where the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Cass.  Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hill Stewart,* for appellant.—On question of court's charge: Heath v. State, 7 Texas Crim. App., 464; Vinson v. State, 9 id., 303.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder, and was allotted the minimum punishment of two years confinement in the penitentiary.

The only question briefed by appellant is the failure of the court to charge upon the issue of insanity.  There was no exception reserved to the court's failure to charge this phase of the law.  The evidence, if any, on this subject is very meager indeed.  Under the present statute it is usually necessary to reserve an exception to supposed errors in the court's charge, whether they be of commission or omission.  This was one of omission.  We are of opinion that there is no reversible error in this, especially in view of the fact that an exception was not reserved.

The motion for a new trial assigns as error that the verdict of the jury and the judgment of the court are contrary to the law and the evidence, as well as the failure to charge the issue of the mental status of the defendant.  We are of opinion that the evidence is ample to sustain the finding of the jury.

The judgment is affirmed.

*Affirmed.*